## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| *In re BP p.l.c. Securities Litigation* | No. 4:10-md-02185 |
| ---------------------------------------------------- | No. 4:12-cv-1836 |
| This document relates to: | No. 4:12-cv-1837 |
| | No. 4:12-cv-1256 (cons.) |
| *State of Oregon* v. *BP p.l.c. et al.* | No. 4:12-cv-1272 |
| *Ohio Public Employees Retirement System et al.* v. *BP p.l.c. et al.* | Honorable Keith P. Ellison |
| *Alameda County Employees' Retirement Association* v. *BP p.l.c. et al.* | JURY TRIAL DEMANDED |
| *Connecticut Retirement Plans & Trust Funds et al.* v. *BP p.l.c. et al.* | **ORAL ARGUMENT REQUESTED** |

## DEFENDANT DAVID RAINEY'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFFS' COMPLAINTS

OF COUNSEL:

Reid H. Weingarten (*pro hac vice* admission pending)
Brian M. Heberlig (*pro hac vice* admission pending)
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC 200036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902
rweingarten@steptoe.com
bheberlig@steptoe.com

Patrick F. Linehan (*pro hac vice* admission pending)
District of Columbia Bar No. 472183
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC 200036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902
plinehan@steptoe.com

*Attorney-in-Charge for Defendant David Rainey*

Dated: December 21, 2012

## TABLE OF CONTENTS

I.      INTRODUCTION.................................................................................................1

II.     ARGUMENT.......................................................................................................3

      A.      **Plaintiffs Fail to Allege Facts Sufficient to Support Their Claims as to the Single Alleged Misstatement Attributable to Mr. Rainey.**..........................3

      B.      **Plaintiffs Do Not (and Cannot) Allege that Mr. Rainey "Made" Any Other Alleged Misstatements.**..............................................................5

III.    CONCLUSION ....................................................................................................7

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Herrmann Holdings Ltd. v. Lucent Techs. Inc.,*
    302 F.3d 552 (5th Cir. 2002) ...................................................................................3

*In re BP p.l.c. Sec. Litig.,*
    843 F. Supp. 2d ............................................................................................1, 2, 3, 4

*In re BP p.l.c. Sec. Litig.,*
    852 F. Supp. 2d 767 (S.D. Tex. 2012) ...............................................................1, 2, 3, 6

*In re Enron Corp. Sec. Deriv. & "ERISA" Litig.,*
    540 F. Supp. 2d 800 (S.D. Tex. 2007) .........................................................................3

*In re Franklin Bank Corp. Sec. Litig.,*
    782 F. Supp. 2d 364 (S.D. Tex. 2011) .........................................................................4

*Janus Capital Group, Inc. v. First Derivatives Traders,*
    131 S. Ct. 2296 (2011) ...........................................................................................2, 5

*Kerr v. Exobox Techs. Corp.,*
    No. H-10-4221, 2012 WL 201872 (S.D. Tex. Jan. 23, 2012) .......................................5

*Southland Sec. Corp. v. INSpire Ins. Solutions Inc.,*
    365 F.3d 353 (5th Cir. 2004) .................................................................................2, 6

STATUTES

15 U.S.C. § 78u-4(b)(2) ....................................................................................................3

BOOKS AND ARTICLES

6 OXFORD ENGLISH DICTIONARY 66 ...................................................................................5

WEBSTER'S NEW INTERNATIONAL DICTIONARY 1485 ............................................................5

OTHER AUTHORITIES

Federal Rule of Civil Procedure 9(b)...........................................................................3, 4, 6

Rule 10b-5.....................................................................................................................3, 5

Defendant David Rainey, through undersigned counsel, submits this memorandum in support of Defendants' joint motion to dismiss all claims against him in the complaints brought by (1) Alameda County Employees' Retirement Association, Employees' Retirement System of the City of Providence, and State-Boston Retirement System (collectively, the "Alameda Plaintiffs"), and (2) Connecticut Retirement Plans and Trust Funds, North Carolina Department of State Treasurer, Public Employees' Retirement Association of Colorado, City of Philadelphia Board of Pensions and Retirement, Los Angeles County Employees' Retirement Association, and San Diego City Employees' Retirement System (collectively, the "Connecticut Plaintiffs").

## I.    INTRODUCTION

The amended complaints filed by the Alameda Plaintiffs and Connecticut Plaintiffs ("Complaints") each identify only a single alleged misstatement attributable to Mr. Rainey: an excerpt from Mr. Rainey's testimony before the U.S. Senate Energy Committee on November 19, 2009 ("11/19/09 Statement").  This Court has already found this statement to be inactionable – twice – in its dismissals of certain claims brought in the two class action complaints.[1]  *In re BP p.l.c. Sec. Litig.*, 843 F. Supp. 2d 712, 781 (S.D. Tex. 2012); *In re BP p.l.c. Sec. Litig.*, 852 F. Supp. 2d 767, 819-20 (S.D. Tex. 2012).  Although Plaintiffs amended their Complaints after the Court's class action decisions, they failed to add any new allegations that would cure the defects that led the Court to dismiss the claims as to this statement.

---

[1] Claims based on the 11/19/09 Statement were dismissed from both the Ludlow and the New York and Ohio plaintiffs' class action complaints. In the Court's order addressing defendant BP's Motion to Dismiss in the New York and Ohio class action complaint, the Court dismissed all claims against Mr. Rainey.  *In re BP p.l.c. Sec. Litig.*, 843 F. Supp. 2d at 781.  Although Mr. Rainey was not named as a defendant in the Ludlow class action complaint, the claims against others based on the 11/19/09 Statement were dismissed.  *In re BP p.l.c. Sec. Litig.*, 852 F. Supp. 2d 767, 819-20 (S.D. Tex. 2012).

Instead, the only additional allegations relating to Mr. Rainey are mere recitations of allegations set forth in a recent indictment charging him with two criminal violations arising out of his alleged actions during the response to the Deepwater Horizon explosion.  Mr. Rainey has pleaded not guilty and intends to vigorously contest these charges at trial.  For purposes of these proceedings, however, these new allegations, which occurred in *April-May 2010*, are of no relevance to whether the 11/19/09 Statement – covering an entirely different topic and *made almost six months earlier* – were made with the requisite scienter under either federal or United Kingdom law.[2]  Plaintiffs' claims as to the 11/19/09 Statement therefore suffer the same fatal flaw as the parallel claims dismissed in the class action, *see In re BP*, 843 F. Supp. 2d at 781; *In re BP*, 852 F. Supp. 2d at 819-20, and should be dismissed for the reasons set forth in the Court's opinions in the class action.[3]

Moreover, to the extent that Plaintiffs seek to hold Mr. Rainey liable for any statements or omissions included in the Complaints other than the 11/19/09 Statement, any such claim must fail because Plaintiffs fail to allege that Mr. Rainey himself "made" any other of the alleged misstatements identified in the Complaints.  *See Janus Capital Group, Inc. v. First Derivatives Traders*, 131 S. Ct. 2296, 2302 (2011); *Southland Sec. Corp. v. INSpire Ins. Solutions Inc.*, 365 F.3d 353, 365 (5th Cir. 2004).

---

[2] Mr. Rainey adopts and incorporates by reference the argument in the motion to dismiss filed on behalf of BP and the other defendants named in the Complaints ("BP Motion") that U.K. law should govern Plaintiffs' non-federal claims. *See* Mem. Of Law In Supp. of BP's Mot. To Dismiss, at Section I.

[3] As argued in the BP Motion, which Mr. Rainey adopts and incorporates herein by reference, Plaintiffs' claims as to Mr. Rainey should also dismissed because (1) Plaintiffs fail to allege actual reliance on the 11/19/09 Statement, (2) the U.K.'s Financial Services and Markets Act does not create a cause of action against an issuer's officers or directors, (3) Plaintiffs fail to allege that Mr. Rainey intended to induce Plaintiffs to purchase BP shares, (4) Plaintiffs fail to allege that Mr. Rainey owed Plaintiffs a duty of care arising from a special relationship, as required to state negligent misrepresentation claim under U.K. common law, and (5) claims of aiding and abetting common-law fraud, statutory fraud/statutory deceit, and statutory unfair and deceptive trade practices are not recognized under U.K. law.  *See* Mem. Of Law In Supp. of BP's Mot. To Dismiss, at Section II.

Accordingly, and for the reasons set forth in BP Motion, the Court should dismiss the Complaints as to all claims against Mr. Rainey.

## II.    ARGUMENT

### A.    Plaintiffs Fail to Allege Facts Sufficient to Support Their Claims as to the Single Alleged Misstatement Attributable to Mr. Rainey.

Under Federal Rule of Civil Procedure 9(b), plaintiffs alleging fraud must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Herrmann Holdings Ltd. v. Lucent Techs. Inc.,* 302 F.3d 552, 564-65 (5th Cir. 2002) (internal quotation marks and citations omitted). Similarly, where alleged claims of negligent misrepresentation are closely related to fraud claims, they too must meet the heightened pleading standards of Rule 9(b). *See In re Enron Corp. Sec. Deriv. & "ERISA" Litig.,* 540 F. Supp. 2d 800, 827 (S.D. Tex. 2007) (finding that where negligent misrepresentation claims "are based on the same set of alleged facts" as fraud claims, Rule 9(b) applies). As to Plaintiffs' federal claims, Plaintiffs must also conform to the requirements of the Private Securities Litigation Reform Act ("PSLRA"), which requires Plaintiffs to plead "with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2).

This Court previously considered the viability of the 11/19/09 Statement as a basis for claims under Section 10(b) and Rule 10b-5 alleged in the class action complaints, and dismissed those claims. *See In re BP*, 843 F. Supp. 2d at 781; *In re BP*, 852 F. Supp. 2d at 819-20. The Court held that both lead plaintiffs had failed to plead facts sufficient to support an allegation of scienter on the part of Mr. Rainey under Rule 9(b)'s and the PSLRA's heightened requirements, finding that they "plead[ed] no facts to support Rainey's knowledge of any of these facts." *In re BP*, 843 F. Supp. 2d at 781. In doing so, the Court highlighted the lead plaintiffs' sole reliance

on Mr. Rainey's corporate position and alleged responsibility for "the day-to-day running of BP," and found these "conclusory allegations" insufficient to establish scienter. *Id.* (citing *In re Franklin Bank Corp. Sec. Litig.*, 782 F. Supp. 2d 364, 376 (S.D. Tex. 2011)).  The court further held that the portions of the 11/19/09 Statement concerning the effects of deep-water drilling in the Gulf of Mexico on the environment were "not specific enough to perpetrate a fraud on the market." *In re BP,* 843 F. Supp. 2d at 774.

Although Plaintiffs here continue to raise claims based on the 11/19/09 Statement, neither Complaint alleges any additional facts that would cure the pleading defects present in the class action complaints, despite Plaintiffs having amended their complaints in other respects after the Court's decisions in the class action.  Indeed, the Complaints do not offer a single allegation that would establish that Mr. Rainey had actual knowledge of the alleged falsity of the 11/19/09 Statement at the time he made it, or that he was reckless as to its alleged falsity.  As such, the Complaints fail to adequately plead scienter in accordance with Rule 9(b) and the PSLRA, and must be dismissed as to Mr. Rainey.[4]  *See also* Mem. Of Law In Supp. of BP's Mot. To Dismiss, at Section V.D (adopted and incorporated by reference herein).

---

[4] Although Plaintiffs also assert common-law claims against Mr. Rainey based on the 11/19/09 Statement, as argued in the BP Motion (incorporated herein by reference), those claims similarly fail because the scienter requirements of English common-law fraud closely mirror the scienter requirements under Section 10(b) of the Exchange Act. *See* Mem. Of Law In Supp. of BP's Mot. To Dismiss, at Section II.C. Plaintiffs also fail to state a claim for negligent misrepresentation against Mr. Rainey, as argued in the BP Motion (incorporated herein by reference), because they do not allege any pre-existing relationship between themselves and Mr. Rainey giving rise to a duty of care.  *See* Mem. Of Law In Supp. of BP's Mot. To Dismiss, at Section II.D.  Moreover, Plaintiff City of Providence (one of the Alameda Plaintiffs) cannot state any non-federal claim against Mr. Rainey based on this statement because it does not allege that it made any purchases of BP shares after October 2009, *see* Alameda Compl. ¶ 486, and therefore cannot claim to have actually relied on the 11/19/09 Statement for its purchases.

**B.     Plaintiffs Do Not (and Cannot) Allege that Mr. Rainey "Made" Any Other Alleged Misstatements.**

To the extent Plaintiffs allege claims against Mr. Rainey based on any statement other than the 11/19/09 Statement, such claims must also fail because the Complaints fail to allege that Mr. Rainey himself "made" any alleged misstatement other than the 11/19/09 Statement.

*First*, Plaintiffs do not (and cannot) allege facts establishing that Mr. Rainey had "ultimate authority" over, and therefore "made," any other alleged misstatement in the Complaints.  *See Janus*, 131 S. Ct. at 2302.  In *Janus*, the Supreme Court held that only those with "ultimate authority" can "make" a statement or misstatement for purposes of primary liability under Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder. *Id.*; *see also Kerr v. Exobox Techs. Corp*., No. H-10-4221, 2012 WL 201872, at *11 (S.D. Tex. Jan. 23, 2012) (holding that under *Janus* a "maker" of a statement must have "ultimate control" over the entity making the statement).  The Supreme Court based its holding on the plain meaning of the word "make" in Section 10(b) and Rule 10b-5.  *See Janus*, 131 S. Ct. at 2302 (citing 6 OXFORD ENGLISH DICTIONARY 66 (def. 59) (1933); WEBSTER'S NEW INTERNATIONAL DICTIONARY 1485 (def. 43) (2d ed. 1934)).  The Court further explained that to have ultimate authority over a statement, an individual must have "authority over the content of the statement and whether and how to communicate it." *Id*. at 2303.

Here, Plaintiffs do not allege that Mr. Rainey had ultimate authority over any of the alleged misstatements, other than the deficient 11/19/09 Statement.  Accordingly, any claim that Mr. Rainey can be held liable for having "made" any statements beyond his 11/19/09 Statement is inconsistent with the plain meaning of "make" under *Janus* and must fail.

*Second*, Plaintiffs' repeated reference to "Defendants" in their allegations concerning certain of the other alleged misstatements identified in the Complaints, *see, e.g*., Alameda

Compl. ¶¶ 332, 334, 336, is precisely the type of "group pleading" that this Circuit – and this Court – has rejected as at odds with the requirements of Rule 9(b) and the PSLRA. *See Southland Sec. Corp. v. INSpire Ins. Solutions Inc.*, 365 F.3d 353, 365 (5th Cir. 2004); *In re BP*, 852 F. Supp. 2d at 788 ("General allegations, which lump all defendants together and fail to segregate the alleged wrongdoing of one from those of another, do not meet the requirements of Rule 9(b)."). Accordingly, courts should "not construe allegations contained in the Complaint against the 'defendants' as a group as properly imputable to any particular individual defendant unless the connection between the individual defendant and the allegedly fraudulent statement is specifically pleaded." *Southland*, 365 F.3d at 365. With respect to those statements Plaintiffs may intend to attribute to "Defendants" in the aggregate, Plaintiffs have not pleaded with any particularity facts connecting those statements to Mr. Rainey specifically. Accordingly, any claim by Plaintiffs that Mr. Rainey made any alleged misstatement other than the 11/19/09 Statement must therefore be dismissed.

III.     **CONCLUSION**

For the reasons set forth above and in Defendants' Memorandum in Support of Motion to Dismiss, this Court should grant Mr. Rainey's motion to dismiss as to all claims against him in these actions.

Respectfully Submitted,

/s/ Patrick F. Linehan
Patrick F. Linehan (*pro hac vice* admission pending*)*
Reid H. Weingarten (*pro hac vice* admission pending)
Brian M. Heberlig (*pro hac vice* admission pending)
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000
Dated: December 21, 2012                           Facsimile: (202) 429-3902

*Attorneys for Defendant David Rainey*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing Motion has been

served by electronic CM/ECF filing, on this 21st day of December, 2012.

/s/ Thomas W. Taylor
Thomas W. Taylor