# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| *In re BP p.l.c. Securities Litigation* | No. 4:10-md-02185 |
| -------------------------------------- | No. 4:12-cv-1837 |
| This document relates to: | No. 4:12-cv-1256 (cons.) |
| *Ohio Public Employees Retirement System et al.* v. *BP p.l.c. et al.* | No. 4:12-cv-1272 |
| *Alameda County Employees' Retirement Association* v. *BP p.l.c. et al.* | Honorable Keith P. Ellison |
| | JURY TRIAL DEMANDED |
| *Connecticut Retirement Plans & Trust Funds et al.* v. *BP p.l.c. et al.* | **ORAL ARGUMENT REQUESTED** |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT DAVID RAINEY'S
MOTION TO DISMISS PLAINTIFFS' COMPLAINTS**

OF COUNSEL:

Reid Weingarten (admitted *pro hac vice*)
Brian M. Heberlig (admitted *pro hac vice*)
Patrick F. Linehan (admitted *pro hac vice*)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902
rweingarten@steptoe.com
bheberlig@steptoe.com
plinehan@steptoe.com

Thomas W. Taylor
Texas State Bar No. 19723875
S.D. Tex. Bar. No. 3906
ANDREWS KURTH LLP
600 Travis, Suite 4200
Houston, Texas 77002
Telephone: (713) 220-4200
Facsimile: (713) 220-4285
ttaylor@andrewskurth.com

*Attorney-in-Charge for Defendant David Rainey*

Dated: April 1, 2013

**TABLE OF CONTENTS**

**INTRODUCTION** ................................................................................................................. 1

**ARGUMENT** ....................................................................................................................... 2

**I.     Plaintiffs' Argument that Mr. Rainey's Indictment Is Sufficient To Establish His Scienter Is Without Merit.** ........................................................................................... 2

**II.    Plaintiffs Do Not Oppose Mr. Rainey's Motion to Dismiss Claims Based on Any Other Statement Identified in the Complaint.** ........................................................... 3

**CONCLUSION** ................................................................................................................... 4

# TABLE OF AUTHORITIES

**CASES**

*In re BP P.L.C. Secs. Litig.*,
  843 F. Supp. 2d 712 (S.D. Tex. 2012) ................................................................................. 4

*In re Entrust Secs. Litig.*,
  No. 2:00CV119, 2002 WL 31968321 (E.D. Tex. Sept. 30, 2002) ........................................ 5

*In re Franklin Bank Corp. Secs. Litig.*,
  782 F. Supp. 2d 364 (S.D. Tex. 2011) ................................................................................. 4

*Lookingbill v. Cockrell*,
  293 F.3d 256 (5th Cir. 2002) ............................................................................................... 5

*Magee v. Life Ins. Co. of N. Am.*,
  261 F. Supp. 2d 738 (S.D. Tex. 2003) ............................................................................. 5, 6

*Melder v. Morris*,
  27 F.3d 1097 (5th Cir. 1994)). ............................................................................................. 5

*Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*,
  365 F.3d 353 (5th Cir. 2004) ............................................................................................... 4

**RULES**

Southern District of Texas Local Rule 7.4 .................................................................................. 5

**INTRODUCTION**

Defendant David Rainey respectfully submits this reply memorandum in further support of his motion to dismiss ("Motion" or "Mot. Dismiss") the claims against him in the complaints ("Complaints") brought by (1) Alameda County Employees' Retirement Association, Employees' Retirement System of the City of Providence, and State-Boston Retirement System (collectively, the "Alameda Plaintiffs"), and (2) Connecticut Retirement Plans and Trust Funds, North Carolina Department of State Treasurer, Public Employees' Retirement Association of Colorado, City of Philadelphia Board of Pensions and Retirement, Los Angeles County Employees' Retirement Association, and San Diego City Employees' Retirement System (collectively, the "Connecticut Plaintiffs").

In support of his Motion, Mr. Rainey contends that the claims against him in the Complaints should be dismissed on two grounds. First, claims based on Mr. Rainey's November 19, 2009 statement ("11/19/09 Statement"), the only statement in the Complaints made by Mr. Rainey, must be dismissed due to Plaintiffs' failure to plead scienter. *See* Rainey Mot. Dismiss at 3-4. Second, any other claims against Mr. Rainey must be dismissed because Plaintiffs fail to allege specifically that Mr. Rainey made any other actionable statement. Rainey. Mot. Dismiss at 5-6. Plaintiffs' first argument that allegations regarding Mr. Rainey's post-spill conduct establish his scienter when making the 11/19/09 Statement *six months earlier* is without merit. Plaintiffs have failed to address, and therefore have conceded, Mr. Rainey's second argument. Accordingly, the Court should grant Mr. Rainey's Motion and dismiss Plaintiffs' claims against Mr. Rainey in their entirety.

# ARGUMENT

I. **Plaintiffs' Argument that Mr. Rainey's Indictment Is Sufficient To Establish His Scienter Is Without Merit.**

Plaintiffs' Memorandum in Opposition To Defendants' Motion Dismiss ("Opposition" or "Plaintiffs' Opp.") concedes, as it must, that this Court has already rejected allegations of scienter based on Mr. Rainey's 11/19/09 Statement. Plaintiffs' Opp. at 43 n.28; *see also In re BP P.L.C. Secs. Litig.*, 843 F. Supp. 2d 712, 781 (S.D. Tex. 2012). Nevertheless, Plaintiffs suggest that Mr. Rainey's indictment should warrant a reconsideration of such findings. Plaintiffs' Opp. at 43 n.28. This argument is without merit.

Mr. Rainey's indictment arises from conduct and statements that cover a subject matter (post-explosion oil spill flow rates) that is entirely different from the subject matter covered by the 11/19/09 Statement (BP's contingency plans to respond to incidents generally). Moreover, the statements at issue in the Indictment were made nearly six months after the 11/19/09 Statement. Indeed, there is no fact alleged in the Indictment earlier than April 20, 2010 (the date of the *Deepwater Horizon* explosion), over five months after the 11/19/09 Statement. The indictment provides no insight whatsoever into Mr. Rainey's state of mind at the time he made the 11/19/09 Statement, and therefore cannot establish with any particularity, let alone raise a strong inference, that Mr. Rainey had actual knowledge, or was reckless in not knowing, that his 11/19/09 Statement was false when made. *See BP P.L.C.*, 843 F. Supp. 2d at 785 (holding that Plaintiffs failed to plead Defendant Malone's scienter because he was not alleged to have the knowledge that rendered one of his statements false until the year following the statement).[1]

---

[1] Courts have routinely held that subsequent events do not establish a defendant's knowledge or intent at the time of an earlier statement. *See, e.g., Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 383 (5th Cir. 2004) ("[S]ubsequent lawsuits are unpersuasive of scienter, as they do not show what any particular individual knew, or was severely reckless in not knowing, at the time the contracts were entered into."); *In re Franklin Bank Corp. Secs. Litig.*, 782 F. Supp. 2d 364, 376 (S.D. Tex. 2011) ("A plaintiff cannot charge a defendant with intentionally misleading investors about facts the defendant may have become aware of *after* making an allegedly

Accordingly, the Court should dismiss all claims against Mr. Rainey based on his 11/19/09 Statement.

## II. Plaintiffs Do Not Oppose Mr. Rainey's Motion to Dismiss Claims Based on Any Other Statement Identified in the Complaint.

Plaintiffs do not address Mr. Rainey's argument that Plaintiffs have failed to state a claim against him as to any other statement in the Complaints under *Janus* and the Fifth Circuit's prohibition against group pleading.[2] In failing to do so, they have waived their opposition to them.

Under Rule 7.4 of the Southern District of Texas Local Rules, the failure to respond to a pretrial motion will be taken as a representation of no opposition. S.D. Tex. L.R. 7.4. Indeed, the "failure to brief an argument in the district court waives that argument in that court." *Magee v. Life Ins. Co. of N. Am.*, 261 F. Supp. 2d 738, 748 n.10 (S.D. Tex. 2003) (citing *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002)).

Rather than address these arguments on the merits, Plaintiffs offer a single footnote asserting, incorrectly, that the Court need not consider Mr. Rainey's Motion. *See* Plaintiffs' Opp. at 10 n.2.[3] Plaintiffs cite no authority to justify the use of group pleading in the

---

misleading statement."); *In re Entrust Secs. Litig.*, No. 2:00CV119, 2002 WL 31968321, at *5 (E.D. Tex. Sept. 30, 2002) (failure to plead facts establishing that defendant had actual knowledge of falsity at the time the alleged misstatement was made "'fails to provide the specific facts upon which an inference of conscious behavior may be based'") (quoting *Melder v. Morris*, 27 F.3d 1097, 1102 (5th Cir. 1994)).

[2] Lest there be any doubt that Plaintiffs seek to wrap Mr. Rainey up into the indiscriminate group of "Defendants" to which their Complaints repeatedly refer, their Opposition resolves that doubt through its continued use of group references. Plaintiffs' Appendix A, which lists 51 allegedly false and misleading statements, attributes only a single statement directly to Mr. Rainey, the 11/19/09 Statement. *See* Plaintiffs' Opp., App. A at Line 21. Yet Plaintiffs' Opposition continues to attribute a litany of other statements to Mr. Rainey as a member of the "Defendants," including statements during meetings that Mr. Rainey is not alleged to have attended, in SEC filings that Mr. Rainey did not draft or sign, and in other company reports in which Mr. Rainey had no involvement. *See* Plaintiffs' Opp. at 25, 29-30, 34-36, and 40.

[3] Plaintiffs suggest in footnote 2 of their Opposition that they need not separately address the arguments raised in in Mr. Rainey's Motion because Defendants' counsel represented that they would file a single consolidated brief. *See* Plaintiffs' Opp. at 10 n.2. In doing so, Plaintiffs rely on Defendants' Unopposed Mot. to File a Consolidated Over-Length Brief ("Defendants' Unopposed Motion"). *Id.* However, Plaintiffs misrepresent the

3

Complaints, nor clarify how Mr. Rainey might have "made" any statement beyond his testimony of November 19, 2009. By failing to respond to these arguments, Plaintiffs have waived their opposition to them. Accordingly, the Court should dismiss all claims against Mr. Rainey based on statements not attributable to him. *See Magee*, 261 F. Supp. 2d at 748 n.10.

## CONCLUSION

For the reasons set forth herein, in the other Defendants' Reply Memorandum of Law In Further Support of Their Consolidated Motion To Dismiss Plaintiffs' Complaints (adopted and incorporated herein by reference), and Mr. Rainey's initial Motion, Mr. Rainey's Motion to Dismiss should be granted in its entirety.

Respectfully Submitted,
*/s/ Patrick F. Linehan*
Patrick F. Linehan (admitted *pro hac vice*)
Reid H. Weingarten (admitted *pro hac vice*)
Brian M. Heberlig (admitted *pro hac vice*)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902

Dated: April 1, 2013

---

intent of that motion. Given the four lengthy separate complaints filed by Plaintiffs in this matter, Defendants sought to expedite briefing by filing briefs that addressed all four complaints in a singular fashion. *See* Defendants' Unopposed Mot. at 2. They did not, however, agree that all Defendants would file the same brief. Moreover, subsequent to the filing of the Unopposed Motion and Mr. Rainey's indictment following Defendant BP's plea agreement, separate counsel for Mr. Rainey determined that it was necessary that he defend his own interests in a separate motion to dismiss. In any event, Plaintiffs cannot credibly argue that they were meaningfully burdened by considering both the Defendants' brief and and Mr. Rainey's brief, as Mr. Rainey's brief contributed only one page above the agreed-upon 75-page limit.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing Motion has been served by electronic CM/ECF filing, on this 1st day of April, 2013.

/s/ Thomas W. Taylor
Thomas W. Taylor